DAVIS (BANK OF THE UNITED STATES v.). See Case No. 915.

DAVIS (BELL v.). See Case No. 1,249.

DAVIS (BENEDICT v.). See Case No. 1,293.

---

## Case No. 3,627.

### DAVIS v. BEVERLY et al.

[2 Cranch. C. C. 35.] [1]

Circuit Court, District of Columbia. Dec. Term, 1811.

BANKING ASSOCIATIONS —INDIVIDUAL LIABILITY—ACTIONS AT LAW—RELIEF IN EQUITY.

The eleventh article of the association called "The Union Bank of Georgetown," which de-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

clares that every person dealing with them, "disavows having recourse, on any pretence whatever, to the person or separate property of any present or future member of the company," does not prevent a laborer from recovering judgment at law against the individual members of the association who employed him. But they may be relieved in equity.

Assumpsit, for work and labor.

Mr. Morsell, for the defendants, contended that as the plaintiff had proved that the work and labor were done for the private-banking association, called "The Union Bank of Georgetown," he was bound by the fourteenth article of that association, which declares that every person dealing with them "disavows having recourse, on any pretence whatever, to the person, or separate property of any present or future member of this company," and could not recover in this action. brought against Beverly and Riggs individually, they being the persons with whom he contracted, and who were members of the association.

But THE COURT (nem. con.) said that at the most it could only be considered as a contract on the part of the plaintiff, that he would not enforce his judgment against the person or property of the defendants; a contract which was binding on his conscience. and which they could not presume he would violate; and if he attempted to violate it, a. court of equity might grant an injunction.

---

DAVIS (BLACHLY v.). See Case No. 1,456.

DAVIS (BROOKS v.). See Case No. 1,950.

DAVIS (BRYAN v.). See Case No. 2,065.

DAVIS (CANNON v.). See Case No. 2,385.

DAVIS (CARLETON v.). See Case No. 2,408.